1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  VICTORY ILSUNG,                          CASE NO.    1:11-CV-01964-MJS (PC)

11                                           ORDER DISMISSING PLAINTIFF'S
12                      Plaintiff,           COMPLAINT WITH LEAVE TO AMEND

13      v.                                   (ECF NO. 1)

14                                           AMENDED COMPLAINT DUE WITHIN
15  R. SANTOS, et al.,                       THIRTY (30) DAYS

16                      Defendants.
17  _____/
18
19                              **SCREENING ORDER**
20
21  **I.     PROCEDURAL HISTORY**

22          Plaintiff Victory Ilsung, a state prisoner proceeding pro se and in forma pauperis filed

23  this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

24          Plaintiff's Complaint is now before the Court for screening.

25  ///////

26  ///////

27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

**III.    SUMMARY OF COMPLAINT**

Plaintiff, a California Substance Abuse and Treatment Facility (CSATF) inmate suffering from diabetes and requiring kidney dialysis, alleges he is not receiving all of the calories and food items that are to be included in the state "renal meal" which is part of his dialysis treatment. (Compl. at 2-4.)

His appeals and requests for accommodation have been improperly handled and denied. (Id. at 2, 4-26.)

-2-

He names as Defendants (I) R. Santos, Supervising Correctional Cook at CSATF, and (2) Sgt. Zinani, Appeals Coordinator at CSATF. (Id. at 2-3.)

He seeks injunctive relief and monetary compensation. (Id. at 3.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B.   Deliberate Indifference

#### 1.   Medical Needs

Plaintiff alleges his renal meals are insufficient to meet state standards and

-3-

1  requirements of his dialysis treatment and that Defendants have been deliberately

2  indifferent these needs, violating his Eighth Amendment rights.

3      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

4  inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439

5  F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The

6  two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious

7  medical need' by demonstrating that 'failure to treat a prisoner's condition could result in

8  further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the

9  defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096

10 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference

11 is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical

12 need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974

13 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff

14 must allege sufficient facts to support a claim that the named defendants "[knew] of and

15 disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S.

16 825, 837 (1994).

17     In applying this standard, the Ninth Circuit has held that before it can be said that

18 a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

19 substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

20 cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

21 (citing Estelle, 429 U.S. at 105–06); see also  Wilhelm v. Rotman, - - - F.3d - - -, 2012 WL

22 1889786 *7 (9th Cir. May 25, 2012) (doctor's awareness of need for treatment followed by

23 his unnecessary delay in implementing the prescribed treatment sufficient to plead

-4-

deliberate indifference); see also Snow v. McDaniel, - - - F.3d. - - -, 2012 WL 1889774 *7 (9th Cir. May 25, 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Plaintiff's diabetes and renal dialysis present serious medical needs sufficient to satisfy the first prong of deliberate indifference. A failure to provide proper treatment could potentially cause significant injury. See McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, Plaintiff has not stated facts plausibly alleging that Defendants were deliberately indifferent to his medical needs. Plaintiff's allegation the renal meals are insufficient because they do not include all the items on the published renal menu appears controverted by the Inmate Appeal and Request documentation attached to the Complaint. (Compl. at 5-25.) This documentation indicates that renal menu substitutions and omissions are allowable and that, notwithstanding such, the nutritional and caloric value meets state renal meal standards.

Plaintiff fails to allege facts suggesting the renal meals do not comply with any valid accommodation chrono.

Plaintiff also fails to allege facts suggesting Defendants, who are not medical staff, were specifically aware of any insufficiency in the renal meals provided, that an excessive risk of harm to Plaintiff's health resulted, and they knowingly disregarded such a risk.

-5-

Plaintiff's allegations, taken as true, suggest at most negligence, not deliberate indifference.

Finally, Plaintiff fails to allege any harm resulting from the renal meals he has received.

Plaintiff has failed to allege facts plausibly claiming deliberate indifference as to medical care. The Court will give Plaintiff an opportunity to amend to correct the noted deficiencies. If Plaintiff chooses to amend he must set forth sufficient facts claiming in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of Defendants causing harm to Plaintiff.

2.     Conditions of Confinement

Plaintiff alleges his renal meals are insufficient to meet state standards and requirements of his dialysis treatment, and that Defendants have violated his rights against cruel and unusual punishment.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th

Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). In determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id.

Plaintiff's predicate claim of insufficient renal meals and Defendants' deliberately indifferent response thereto fails for the reasons stated above. Plaintiff can not rely on such a deficient claim as a basis for a conditions of confinement claim.  He has not alleged facts plausibly claiming that he was denied "the minimal civilized measure of life's necessities."

Plaintiff has failed to allege an objectively serious deprivation and Defendants' subjective deliberate indifference thereto. The Court will allow an opportunity to amend to correct the noted deficiencies. In order to state a cognizable claim, Plaintiff must set forth sufficient facts plausibly claiming the above noted elements attributable to each Defendant.

## C.   ADA Accommodation

Plaintiff alleges that his request for renal meal accommodation was improperly denied.

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the

basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); see also Duffy v. Riveland, 98 F.3d 447, 453–56 (9th Cir. 1996).

"To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. In the ADA context, a plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

The "alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related needs in such fundamentals as . . . medical care . . . constitutes exclusion from participation in or . . . denial of the benefits of the prison's services, programs, or activities." United States v. Georgia, 546 U.S. 151, 157 (2006).

Plaintiff is a qualified individual with a disability. Diabetes qualifies as a disability under the ADA. Payne v. Arizona, 2012 WL 1151957 (D. Ariz. April 5, 2012).

-8-

1
2
3
4
5
6
7
8
9
10
11
12
13
14

However, Plaintiff fails to allege facts showing he was denied access to medical treatment in the form of renal meals. "Whether and when the ADA supports claims by prisoners regarding a prison's medical and nutritional services is a close question that turns on distinguishing actionable claims of 'denial of medical treatment' from non-actionable claims of mere inadequate or negligent medical treatment." Payne, 2012 WL 1151957 *6; see also Kiman v. N.H. Dep't of Corr., 451 F.3d 274, 284 (5th Cir. 2012) (noting courts have "differentiated ADA claims based on negligent medical care from those based on discriminatory medical care"). Plaintiff's predicate deliberate indifference claim fails for the reasons stated above. Plaintiff does not allege facts plausibly claiming denial of medical treatment. See e.g., Payne, 2012 WL 1151957 at *7 (denial of prescribed diabetic meals for 11 months, where plaintiff made repeated requests which defendant ignored without explanation sufficient to state ADA claim).

15
16
17
18

Plaintiff also fails to allege facts suggesting a "disability based animus" in Defendants' alleged failure to provide sufficient renal meals. See Forestier Fradera v. Municipality of Mayagueaz, 440 F.3d 17, 23 (1st Cir. 2006) (delay in providing accommodation due to "political discrimination" not sufficient to support ADA claim).

19
20
21
22
23

Plaintiff fails to allege facts sufficient to state a claim for failure to accommodate under the ADA. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts plausibly claiming the above noted elements attributable to each Defendant.

24

///////

25

///////

26
27

1

### D.    Inmate Appeals

2

Plaintiff alleges that Defendants failed to process and respond properly to his inmate

3

appeals. Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to

4

any claim for relief under § 1983 for violation of due process. "[A prison] grievance

5

procedure is a procedural right only, it does not confer any substantive right upon the

6

inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis,

7

568 F.Supp. 8, 10 (D.C. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.

8

2003) (no liberty interest in processing of appeals because no entitlement to a specific

9

10

grievance procedure). Actions in reviewing a prisoner's administrative appeal cannot serve

11

as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

12

Plaintiff has neither a liberty interest nor a substantive right to the procedures

13

14

involved in inmate appeals. Plaintiff fails to state a plausible claim in this regard.

15

Amendment of this claim would be futile, leave to amend will not be granted.

16

## V.    CONCLUSION AND ORDER

17

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will

18

grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122,

19

20

1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

21

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

22

deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth

23

"sufficient factual matter . . . to 'state a claim that is plausible on its face.'"Id. at 1949

24

(quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named

25

26

Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d

27

930, 934 (9th Cir. 2002).

-10-

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed November 29, 2011,

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,

3.      Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4.      If Plaintiff fails to file an amended complaint in compliance with this order,

-11-

this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).


IT IS SO ORDERED.

Dated:    May 31, 2012            /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

-12-